IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:07cv638-LSC |
| v. | ) | (WO) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On June 27, 2007, the petitioner, Marvin Thomas ("Thomas"), filed in this court a document (Doc. No. 2) challenging the validity of his 2006 guilty plea and sentence for being a felon in possession of a firearm. A review of the petitioner's allegations, to the extent that they are understood by this court, indicates that he seeks relief that is appropriate only under the remedy provided by 28 U.S.C. § 2255. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy

afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claims that the petitioner seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that the petitioner's pleading should be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.**

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court hereby advises the petitioner of its intention to re-characterize his motion as a § 2255 motion.** The court **cautions** the petitioner that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, the petitioner is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[1]

---

[1] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

It is further

**ORDERED that on or before August 3, 2007**, the petitioner shall advise this court whether he seeks to:

1. Proceed before this court under 28 U.S.C. § 2255 on the claims presented in his motion (Doc. No. 2) filed on June 27, 2007;

2. Amend his motion to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

3. Dismiss the motion.

The petitioner is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255 with the court considering only those claims presented in the motion filed on June 27, 2007.

DONE, this 13th day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

2244(b)(3)(A).