**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARVIN THOMAS,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:07cv638-LSC-SRW** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA.** | ) | |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in compliance with this Court's order, responds to Defendant/Movant Marvin Thomas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

On June 29, 2005, a grand jury for the Middle District of Alabama returned a three-count superseding indictment against Defendant/Movant Marvin Thomas. See Exhibit B, the Superseding Indictment. Count 1 charged that, on or about August 10, 2004, in Macon County, within the Middle District of Alabama, Marvin Thomas did knowingly receive and possess a firearm, that is a short-barreled shotgun, with a barrel length of less than 18 inches, which had not been registered to him in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Section 5816(d).

Count 2 of the indictment charged that, on or about August 14, 2004, in Macon County, within the Middle District of Alabama, Marvin Thomas, having been convicted of the following felony crime, which is a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Theft of Property 2nd, on or about April 8, 1993, in the Circuit Court of Lee County, Alabama (Case No. CC 93-228), did knowingly possess, in and affecting commerce, a firearm, to-wit: a short-barreled shotgun, in violation of 18 United States Code, Section 922(g)(1).

Count 3 of the indictment charged that on or about February 2, 2004, in Macon County, within the Middle District of Alabama, Marvin Thomas, having been convicted of the following felony crime, which is a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Theft of Property 2nd, on or about April 8, 1993, in the Circuit Court of Lee County, Alabama (Case No. CC 93-228), did knowingly possess, in and affecting commerce, a firearm, to-wit: a Stevens, Model 67, 12 gauge shotgun, bearing serial number E731387, in violation of 18 United States Code, Section 922(g)(1).

On June 29, 2005, the indictment was unsealed. See Exhibit A, the court record.

On December 13, 2005, Thomas was arraigned and entered a plea of not guilty to the indictment. Exhibit A at 47.

On February 6, 2006, Thomas, represented by Timothy Halstrom, entered a guilty plea to Count 3 of the indictment, pursuant to a plea agreement. Exhibit A at 53.

On May 25, 2006, sentencing was held before United States District Judge L. Scott Coogler. Exhibit A at 60.

On June 13, 2006, Thomas filed a Motion to Withdraw Plea of Guilty. Exhibit A at 61.

On June 16, 2006, Thomas' Motion to Withdraw was granted and his conviction and sentence vacated. Exhibit A at 62.

On August 16, 2006, attorney Timothy Halstrom filed a Motion to Withdraw as Attorney. Exhibit A at 66.

On August 31, 2006, the Court ordered the Motion to Withdraw as Attorney, held in abeyance, and directed that Thomas represent himself, with Attorney Halstrom to act as standby counsel, at a competency hearing on September 7, 2006. Exhibit A at 71.

On September 7, 2006, Thomas orally motioned to withdraw his motion for competency determination. The Court granted Thomas' Motion to Withdraw Attorney Tim Halstrom as counsel and allowed Thomas to represent himself, with Halstrom acting as standby counsel. See Exhibit A at 74. Thomas entered a plea of guilty, pursuant to a plea agreement, to count three of the indictment.

2

See Exhibit C, a copy of the plea agreement, and Exhibit D, a copy of the transcript of the plea and sentencing hearing.

The plea agreement informed Thomas that, in return for pleading guilty to the specified count, the government would dismiss the remaining counts of the indictment, would agree that Thomas receive a 2-level reduction for acceptance of responsibility, and would file a downward departure motion for 1-level, pursuant to U.S.S.G. 3E1.1(a) for acceptance of responsibility. Exhibit C at 2-3. The agreement also stated that Thomas waived appeal and collateral attack rights conferred by 18 U.S.C. § 3742. Id. at 4. The agreement contained a factual basis for the plea, wherein Thomas acknowledged violating 18 U.S.C. §§ 922(g)(1). Id. at 4.

As stated above, Thomas' guilty plea hearing was conducted on September 7, 2006. Exhibit D. At the outset of the hearing, Thomas was placed under oath, gave his consent to having Halstrom act as his attorney for the purposes of the plea hearing, and informed the Court that he had read and discussed the indictment with Halstrom. Id. at 2-7. He stated that he understood the charges against him. Id. at 11-12. Thomas confirmed that, after reading and discussing his plea agreement with counsel, he understood the terms of his guilty plea. The Court informed Thomas of the civil rights that he would forfeit if he persisted in his guilty plea, and then informed him of the maximum statutory penalties for the offenses. The Court then reviewed the constitutional guarantees that Thomas would enjoy if he proceeded to trial. It reviewed the offense elements that the United States would be required to prove in order to convict him at trial. Id. at 9-16. The United States then set forth a factual basis for the plea, to which Thomas agreed. Thomas then entered his plea of guilty. Id. at 16-18. The Court then accepted Wilson's guilty plea. Id. at 18.

Thomas was sentenced to 37 months imprisonment, 36 months supervised release, and a $100 assessment fee. Exhibit A at 77 .

On September 20, 2006, Thomas filed a pro se Motion to Withdraw Plea of guilty. Exhibit A at 80.

3

On September 21, 2006, the Court entered an order denying Thomas' Motion to Withdraw Guilty Plea. Exhibit A at 81.

On June 27, 2007, Thomas filed a pro se Motion for a Hearing to Discuss this Case which the Court construed as a motion for relief under 28 U.S.C. § 2255, Motion to Vacate, Set Aside or Correct Sentence. Exhibit A at 87 and 88. The Court entered an order directing the United States to respond within thirty days. The government filed a motion to extend filing date to allow it to receive copies of the transcripts in this case. The Court granted the government's motions. The United States now files this response to the § 2255 motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Thomas raises the following issues in his § 2255 motion:

> 1.  That Thomas was not present at the September 7, 2006 hearing and, as such could not have and did not sign the plea agreement as either defendant or defense attorney; and,

> 2.  That Thomas was acting as his own counsel and as such, Timothy Halstrom's signature on the plea agreement as attorney for defendant, negates the plea agreement.

## III.  RESPONSE TO CLAIMS FOR RELIEF

**A.**    **Thomas Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

The United States notes at the outset that Thomas has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to file a motion to vacate, set aside, or correct sentence under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The judgment against Thomas was entered on September 18, 2006. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh

4

Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002).  Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires.  Thomas had ten days from the September 18, 2006 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on September 28, 2006.  Thus, under § 2255, Thomas had until September 28, 2007 to file his motion.  Therefore, Thomas' filing of his § 2255 motion prior to September 28, 2007, renders it timely.

**B.      Thomas' Claims Should Be Rejected Because They Are Without Merit.**

Thomas' claims: (1) that he was not present at the September 7, 2006 hearing and, as such could not have and did not sign the plea agreement as either defendant or defense attorney; and, (2) that he was acting as his own counsel and that as such, Timothy Halstrom's signature on the plea agreement, as attorney for defendant, negates the plea agreement, are not supported by the record.

The record in this case is clear that Thomas was present on September 7, 2006.

On September 7, 2006 at approximately 2:30 p.m. the following exchange occurred between Thomas and the Court (as excerpted from Exhibit D 2-4.):

| | |
|---|---|
| The Court: | Place him under oath, please, ma'am. |
| The Clerk: | Raise your right hand. |
| (The defendant is sworn) | |
| The Clerk: | Thank you. |
| The Court: | Tell me your name, please, sir. |
| The Defendant: | Marvin Thomas. |
| The Court: | What's your date of birth? |
| The Defendant: | 4/12/66. |
| The Court: | I need you to switch over with him on that side, and you go on that side. Talk into that microphone for me, okay? |

5

| | |
|---|---|
| The Defendant: | Date of birth is the 4th month, the 12th day, the 66th year. |
| The Court: | How far did you get in school? |
| The Defendant: | I went to the twelfth grade. |
| The Court: | Did you graduate? |
| The Defendant: | No sir. I got my GED later down in Pensacola, Florida. |
| The Court: | Can you read, speak, and understand the English language? |
| The Defendant: | Yes, sir, I can. |
| The Court: | In the last 48 hours, have you consumed any alcoholic beverage? |
| The Defendant: | No, sir, I haven't. |
| The Court: | In the last 48 hours, have you taken any drugs, legal or illegal? |
| The Defendant: | No, sir. |
| The Court: | Are you suffering from any mental or emotional impairment or physical illness that might affect your ability to understand what we're doing today? |
| The Defendant: | No, sir, I'm not. |

The record clearly establishes that Thomas accepted Timothy Halstrom as counsel for the

purposes of plea negotiations and entry of the guilty plea (as excerpted from Exhibit D at 4-5):

| | |
|---|---|
| The Court: | All right. You have your lawyer that's standing there beside you. And I know that we've talked about him being stand-by counsel and whatnot, but I'm telling you, I'm designating him as counsel for the purpose of this guilty plea. Okay? |
| The Defendant: | Yes, sir. |
| The Court: | Do you have any objection to that? |
| The Defendant: | No, sir, I don't. |
| The Court: | And I know – well, let me just ask you. How have you done as far as an attorney goes for you? |
| The Defendant: | Oh, we're doing fine. |
| The Court: | Has he been able to explain the forms that you've encountered? |
| The Defendant: | Yes, sir, he has. |

| The Court: | Has he spent what you think to be a sufficient amount of time in your case? |
| The Defendant: | Sir? |
| The Court: | Has he done – has he spent enough time with you in your case? |
| The Defendant: | Yes, sir, he has. |
| The Court: | Do you have any complaints or problems with him as your attorney? |
| The Defendant: | No, sir. |

The record clearly establishes that Thomas entered his signature on the plea agreement (as excerpted from Exhibit D at 5-6.):

| The Court: | All right. There's a document – well, I want to explain to you this document. It's called the plea agreement. |
| The Defendant: | Uh-huh. |
| The Court: | And it purports to have your signature. And you've got a copy of it, I think, right there in front of you, but let's flip through it. It's been filed in open court today here on September 7th. It appears to have your signature there on page 9. Is that your signature? |
| The Defendant: | Yes, sir, it is. |
| The Court: | Did you read this document before you signed it? |
| The Defendant: | Yes, sir. |
| The Court: | Did your lawyer go over the document with you as well? |
| The Defendant: | Yes, sir, he did. |
| The Court: | Okay. Based upon your reading of that document and your attorney's explanation of it to you, do you believe that you understand everything that's in it? |
| The Defendant: | Yes, sir, I do. |
| The Court: | Does this document state all of the agreement that you have with the government? |
| The Defendant: | Yes, sir. |

The record shows that Thomas had a full understanding of the terms of the plea agreement and the rights he was giving up (as excerpted from D at 8-11):

| | |
|---|---|
| The Court: | Okay. All right. Is this your clients's agreement with the government? |
| Mr. Halstrom: | Yes, sir, it is. |
| The Court: | Is this the government's agreement with the defendant? |
| Ms. Redmond: | It is, Your Honor. |
| The Court: | All right. I want to go over some of the rights that you have to make sure that you understand them. I know you've been doing this for a while and that you've already pled guilty once, asked me to set it aside, and I set it aside. You had a magistrate judge explain to you those rights, but I'm going to go back over some of those same rights and make sure that you understand them, okay? |
| The Defendant: | Yes, sir. |
| The Court: | All right. You are presumed to be not guilty of the charges made against you in the indictment, and that presumption alone is sufficient to make sure that you will not be convicted unless you either plead guilty and I accept that guilty plea, or we have a trial and a jury finds you guilty. Do you understand that? |
| The Defendant: | Yes, sir, I do. |
| The Court: | All right. You have the right in any trial, before or after that trial, to be represented by a constitutionally adequate attorney. You also have the right in any trial of a jury of your peers, duly selected, with the assistance of an attorney, to confront and cross-examine all the evidence and witnesses against you. Do you understand that? |
| The Defendant: | Yes, sir. |
| The Court: | You have a right to subpoena your own witnesses and to have this Court require their attendance and their testimony.<br>At the time of the trial, you have the right to refuse to testify or to testify. It's up to you. You make that decision. If you decide you want to testify and you do testify in your own case, the government has the right to cross-examine you just like all other witnesses are subject to cross-examination. Do you understand that part? |
| The Defendant: | Yes, sir. |
| The Court: | If you decide not to testify, then no one but your attorney will be allowed to comment about that fact to the jury. Do you understand that? |
| The Defendant: | Yes, sir, I do. |
| The Court: | Okay. So if we go to trial, the government would have the burden of proving you guilty beyond a reasonable doubt. If the government |

|                |                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
|----------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                | fails to do that, then you would be entitled to a verdict of not guilty. Do you understand that?                                                                                                                                                                                                                                                                                                                                                      |
| The Defendant: | Yes, sir.                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| The Court:     | Okay. You have no burden of proof in this case. You don't have to prove anything. Do you understand that?                                                                                                                                                                                                                                                                                                                                             |
| The Defendant: | Yes, sir.                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| The Court:     | Okay. So if you plead guilty and I accept the guilty plea, you're going to give up certain rights. You're going to give up the presumption that you're not guilty of the charges against you. You're going to give up the right to proof beyond a reasonable doubt. You're going to give up the right to a trial by jury. You're going to give up the right to confront and cross-examine the witnesses and evidence against you. You'll be giving up the right to call your own witnesses and to subpoena your own witnesses to testify in your behalf in the guilt or innocence phase. Do you understand that? |
| The Defendant: | Yes, sir, I do.                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| The Court:     | You will also be giving up the right to refuse to testify, because by pleading guilty you do, in fact, testify. You testify when you tell me that you're guilty and you're ready to be sentenced. Do you understand that part of it?                                                                                                                                                                                                                    |
| The Defendant: | Yes, sir, I do.                                                                                                                                                                                                                                                                                                                                                                                                                                      |
| The Court:     | If you plead guilty and I accept the guilty plea, the only thing that would be left for us to do, then, is to sentence you.                                                                                                                                                                                                                                                                                                                            |
| The Defendant: | Yes, sir.                                                                                                                                                                                                                                                                                                                                                                                                                                            |
| The Court:     | You'll be just as guilty as if we had a trial and the jury determined you to be guilty. Do you understand that?                                                                                                                                                                                                                                                                                                                                       |
| The Defendant: | Yes, sir, I do.                                                                                                                                                                                                                                                                                                                                                                                                                                      |

## IV. A HEARING IS NOT APPROPRIATE IN THIS MATTER

Thomas has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th

9

Cir. 1991).  Should this Court determine that Thomas has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Marvin Thomas has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this the 22nd day of January, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|                              |     |                              |
|------------------------------|-----|------------------------------|
| **UNITED STATES OF AMERICA,** | )   |                              |
|                              | )   |                              |
|                              | )   |                              |
|                              | )   |                              |
| **vs.**                      | )   | **CASE NO.  2:07cv638-LSC-SRW** |
|                              | )   |                              |
|                              | )   |                              |
| **MARVIN THOMAS**            | )   |                              |
|                              | )   |                              |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States

Postal Service the document to the following non-CM/ECF participant:

Marvin Thomas, #11519-002
Navajo-A, FCI  Marianna
P.O. Box 7007
Marianna, FL 32447-7007

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
susan.redmond@usdoj.gov

11

27BE, CLOSED, KG

# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:05-cr-00101-LSC-SRW All Defendants

Case title: USA v. Thomas

Date Filed: 04/20/2005
Date Terminated: 09/08/2006

---

Assigned to: Honorable L. Scott
Coogler
Referred to: Honorable Susan Russ
Walker

**Defendant**

**Marvin Thomas** (1)
*TERMINATED: 09/08/2006*

represented by **Federal Defender**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: ECFCMALM@fd.org
*TERMINATED: 09/20/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Kevin L. Butler**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
334-834-2099
Fax: 834-0353
Email: kevin_butler@fd.org
*TERMINATED: 09/20/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leslie Susanne Smith**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 1960
Montgomery, AL 36104
334-834-2099

GOVERNMENT
EXHIBIT
A

Fax: 334-834-0353
Email: leslie_smith@fd.org
*TERMINATED: 09/20/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Charles Halstrom**
Moore & Halstrom
4170 Lomac Street
Montgomery, AL 36106
334-272-6464
Fax: 334-244-7474
Email: halstromtim@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:922(g)(1); UNLAWFUL
TRANSPORT OF FIREARMS, ETC.;
NMT $250,000[*]; NMT 10Y or B;
NMT 3Y SUP REL; $100 SA; G-
LINES; VWPA; FORFEITURE
ALLEGATION
(3s)

**Disposition**

37 Mos Imp (12 mos cons and 25 conc
to Sentence imposed in 2:04cr188-
MHT); 36 Mos Sup Rel; $100 SA.
6/16/06 - PLEA W/D; SENTENCE
VACATED. 9/7/06 - 37 Mos Imp (12
mos cons and 25 mos conc to sentence
imposed in docket number 2:04cr188-
MHT); 3 Yrs Sup Rel; $100

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

26:5861(d) UNLAWFUL TO
RECEIVE A FIREARM NOT
REGISTERED - NMT $250,000;[*];
NMT 10Y B; NMT 3Y SUP REL; G/L;
$100 SA
(1)

**Disposition**

Dismissed by Motion of the
Government

26:5861(d); UNLAWFUL TO
RECEIVE A FIREARM NOT
REGISTERED; NMT $250,000 [*];
NMT 10Y or B; NMT 3Y SUP REL;
$100 SA; G-LINES; VWPA
(1s)

Dismissed on Government's Oral
Motion. 6/16/06: PLEA W/D;
SENTENCE VACATED. 9/7/06
Dismissed by Oral Motion of the
Government

18:922(g)(1) UNLAWFUL
TRANSPORT OF FIREARMS - NMT
$250,000;[*]; NMT 10Y B; NMT 3Y
SUP REL; G/L; VWPA; $100 SA

Dismissed by Motion of the
Government

(2)
18:922(g)(1);UNLAWFUL
TRANSPORT OF FIREARMS, ETC.;
NMT $250,000[*]; NMT 10Y or B;
NMT 3Y SUP REL; $100 SA; G-
LINES; VWPA; FORFEITURE
ALLEGATION
(2s)

Dismissed on Government's Oral
Motion. 6/16/06: PLEA W/D;
SENTENCE VACATED. 9/7/06
Dismissed by Oral Motion of the
Government

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**                               represented by   **Matthew S. Miner**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: matthew.miner@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan R. Redmond**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: susan.redmond@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/20/2005 | 1 | INDICTMENT as to Marvin Thomas (1) count(s) 1, 2. (ws) (Entered: 04/21/2005) |
| 04/21/2005 | 3 | ORDER to Produce Prisoner for Arraignment as to Marvin Thomas : Arraignment set for 5/4/2005 10:00 AM in Courtroom 5B before Honorable Susan Russ Walker. Signed by Judge Susan Russ Walker on 4/21/05. (ws) (Entered: 04/21/2005) |
| 05/04/2005 | 4 | CJA 23 Financial Affidavit by Marvin Thomas (jct, ) (Entered: |

| | | |
|---|---|---|
| | | 05/04/2005) |
| 05/04/2005 | | ORAL MOTION to Appoint Counsel by Marvin Thomas. (jct, ) (Entered: 05/04/2005) |
| 05/04/2005 | | ORDER (ORAL)granting Oral Motion to Appoint Counsel: Federal Defender appointed as to Marvin Thomas (1) (jct, ) (Entered: 05/04/2005) |
| 05/04/2005 | 5 | Minute Entry for proceedings held before Judge Susan Russ Walker :Arraignment as to Marvin Thomas (1) Count 1,2 held on 5/4/2005, Initial Appearance as to Marvin Thomas held on 5/4/2005, Plea entered by Marvin Thomas (1) Not Guilty on counts 1,2. (Recording Time 11:46 - 11:54.) (jct, ) (Entered: 05/04/2005) |
| 05/04/2005 | | CJA 23 Financial Affidavit by Marvin Thomas (jct, ) (Entered: 05/04/2005) |
| 05/04/2005 | | NOTICE of Correction re 6 Financial Affidavit - CJA23 docketed in wrong case. (jct, ) (Entered: 05/04/2005) |
| 05/05/2005 | 6 | NOTICE OF ATTORNEY APPEARANCE: Kevin L. Butler appearing for Marvin Thomas (Butler, Kevin) (Entered: 05/05/2005) |
| 05/06/2005 | 7 | ORDER ON ARRAIGNMENT as to Marvin Thomas Pretrial Conference set for 5/31/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Jury Trial set for 6/13/2005 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 5/26/2005. Response to Motion due by 6/2/2005. Discovery due by 5/11/2005.. Signed by Judge Susan Russ Walker on 5/6/05. (kcg, ) (Entered: 05/06/2005) |
| 05/31/2005 | 8 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Marvin Thomas held on 5/31/2005 (Recording Time 3:05 - 3:07.) (jct, ) (Entered: 05/31/2005) |
| 06/01/2005 | 9 | NOTICE OF ATTORNEY APPEARANCE: Leslie Susanne Smith appearing for Marvin Thomas (Smith, Leslie) (Entered: 06/01/2005) |
| 06/03/2005 | | Case as to Marvin Thomas Reassigned to Judge Joel F. Dubina. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 06/03/2005) |
| 06/06/2005 | 12 | PRETRIAL CONFERENCE ORDER as to Marvin Thomas Jury Selection set for 6/13/2005 before Honorable Myron H. Thompson. Jury Trial set for 6/13/2005 before Honorable Joel F. Dubina. Voir Dire due by 6/6/2005; Proposed Jury Instructions due by 6/6/2005; Motions in Limine due by 6/3/2005; Plea Agreement due by 6/6/2005. Signed by Judge Susan Russ Walker on 6/6/05. (kcg, ) (Entered: 06/06/2005) |
| 06/06/2005 | 13 | MOTION in Limine *to Exclude Reference to the Burglary, Receiving Stolen Property, and Theft of Property Charges Brought Against Mr. Thomas in State Court* by Marvin Thomas. (Butler, Kevin) (Entered: 06/06/2005) |
| | | |

| 06/06/2005 | 14 | Proposed Jury Instructions by Marvin Thomas (Butler, Kevin) (Entered: 06/06/2005) |
| 06/06/2005 | 15 | Proposed Voir Dire by Marvin Thomas (Butler, Kevin) (Entered: 06/06/2005) |
| 06/06/2005 | 16 | MOTION (Unopposed) for Mental Compentency Examination by Marvin Thomas. (Butler, Kevin) (Entered: 06/06/2005) |
| 06/06/2005 | 17 | MOTION to Withdraw as Attorney by Kevin L. Butler. by Marvin Thomas. (Butler, Kevin) (Entered: 06/06/2005) |
| 06/06/2005 | 18 | Proposed Jury Instructions by USA as to Marvin Thomas (Miner, Matthew) (Entered: 06/06/2005) |
| 06/06/2005 | 19 | Proposed Voir Dire by USA as to Marvin Thomas (Miner, Matthew) (Entered: 06/06/2005) |
| 06/06/2005 | 20 | MOTION to Continue trial *or, in the Alternative, for a Special Trial Setting* by USA as to Marvin Thomas. (Miner, Matthew) (Entered: 06/06/2005) |
| 06/08/2005 | 21 | ORDER granting 16 Motion for a Psychiatric Examination as to Marvin Thomas (1) that the USM shall immediately remove the defendant to the custody of the warden of the Federal Correctional Institution, Butner, NC or a similar facility as may be designated by the Attorney General, where the defendant is to be committed for the purpose of being observed or examined for a period of 45 days by one or more qualified psychiatrists; that the examining psychiatrist conducting the mental examination of the defendant report in writing to this court within 45 days from the date of the defendant's arrival at the institution as to their findings; that the defendant shall be incarcerated and remain at the institution designated by the Attorney General until further order of the court; that the Clerk of this Court is directed to furnish the USM for this district three certified copies of this order; further ORDER denying without prejudice 17 Motion to Withdraw as Attorney as to Marvin Thomas (1) counsel may renew his motion, if necessary, after the conclusion of the competency examination. Signed by Judge Susan Russ Walker on 6/8/05. (ws ) (Entered: 06/08/2005) |
| 06/08/2005 | 22 | ORDER TO CONTINUE - Ends of Justice as to Marvin Thomas Time excluded from 6/13/05 until 8/1/05. GRANTING 20 MOTION to Continue trial *or, in the Alternative, for a Special Trial Setting* filed by USA. Jury Selection RESET for 8/1/2005 before Honorable Joel F. Dubina. Jury Trial RESET for 8/1/2005 before Honorable Joel F. Dubina. Final Pretrial Conference set for 7/1/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker.Signed by Judge Susan Russ Walker on 6/8/05. (ws) (Entered: 06/08/2005) |
| 06/29/2005 | 24 | SUPERSEDING INDICTMENT as to Marvin Thomas (1) count(s) 1s, 2s, 3s. (kcg, ) (Entered: 07/05/2005) |
| 07/01/2005 | 23 | Minute Entry for proceedings held before Judge Susan Russ |

| | | Walker :Pretrial Conference as to Marvin Thomas held on 7/1/2005 (Recording Time 3:24 - 3:27.) (jct, ) (Entered: 07/01/2005) |
|---|---|---|
| 07/05/2005 | 26 | ORDER to Produce Prisoner for Arraignment as to Marvin Thomas Arraignment set for 7/13/2005 10:00 AM in Courtroom 4B before Honorable Charles S. Coody. Signed by Judge Susan Russ Walker on 7/5/05. (kcg, ) (Entered: 07/05/2005) |
| 07/05/2005 | 27 | MOTION to Continue *Arraignment* by Marvin Thomas. (Butler, Kevin) (Entered: 07/05/2005) |
| 07/07/2005 | 28 | MOTION to Dismiss *Indictment* by USA as to Marvin Thomas. (Attachments: # 1)(Miner, Matthew) (Entered: 07/07/2005) |
| 07/08/2005 | 29 | ORDER granting 28 Motion to Dismiss Indictment as to Marvin Thomas (1). Signed by Judge Joel F. Dubina on 7/8/05. (kcg, ) (Entered: 07/08/2005) |
| 07/13/2005 | 30 | STAMPED ORDER as to Marvin Thomas GRANTING 27 MOTION to Continue Arraignment set for July 13, 2005, until mental competency evaluation is completed filed by Marvin Thomas . Signed by Judge Susan Russ Walker on 7/13/05. (kcg, ) (Entered: 07/13/2005) |
| 07/20/2005 | 31 | MOTION to Continue trial *(Unopposed)* by Marvin Thomas. (Butler, Kevin) (Entered: 07/20/2005) |
| 07/25/2005 | 32 | ORDER TO CONTINUE - Ends of Justice as to Marvin Thomas. GRANTING 31 MOTION to Continue trial *(Unopposed)* filed by Marvin Thomas. Jury Selection and Trial are re-set from 8/1/2005 to 11/7/2005 before Honorable Joel F. Dubina. The Magistrate Judge shall conduct a pretrial conference prior to the November 7, 2005, trial term. Signed by Judge Joel F. Dubina on 7/25/05. (kcg, ) (Entered: 07/25/2005) |
| 07/26/2005 | 33 | ORDER as to Marvin Thomas Pretrial Conference set for 10/17/2005 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Signed by Judge Susan Russ Walker on 7/26/05. (kcg, ) (Entered: 07/26/2005) |
| 08/25/2005 | 34 | Psychiatric Report Received (Sealed) as to Marvin Thomas (ws ) (Entered: 09/01/2005) |
| 09/19/2005 | 35 | MOTION to Withdraw as Attorney *and for Substitution of CJA Counsel* by Kevin L. Butler. by Marvin Thomas. (Butler, Kevin) (Entered: 09/19/2005) |
| 09/20/2005 | | Attorney update in case as to Marvin Thomas. Attorney Timothy Charles Halstrom for Marvin Thomas added. (kcg, ) (Entered: 09/20/2005) |
| 09/20/2005 | 36 | ORDER as to Marvin Thomas GRANTING 35 MOTION to Withdraw as Attorney *and for Substitution of CJA Counsel* by Kevin L. Butler. CJA panel attorney Timothy Halstrom is appointed to represent the defendant in this matter. New counsel for defendant shall file a notice of appearance as soon as possible in this matter. It is further ORDERED that a Status Conference is set on the record to address the competency issue for |

| | | 9/22/2005 02:30 PM by telephone conference call before Honorable Susan Russ Walker. Counsel for defendant is DIRECTED to set up the telephone conference call. Signed by Judge Susan Russ Walker on 9/20/05. (kcg, ) (Entered: 09/20/2005) |
|---|---|---|
| 09/20/2005 | | Attorney update in case as to Marvin Thomas. Attorney Leslie Susanne Smith; Kevin L. Butler and Federal Defender terminated. (kcg, ) (Entered: 09/20/2005) |
| 09/20/2005 | 37 | NOTICE OF ATTORNEY APPEARANCE: Timothy Charles Halstrom appearing for Marvin Thomas (Halstrom, Timothy) (Entered: 09/20/2005) |
| 09/22/2005 | 38 | Minute Entry for proceedings held before Judge Susan Russ Walker :Status Conference as to Marvin Thomas held on 9/22/2005 (Recording Time 2:33 - 2:42.) (jct, ) (Entered: 09/22/2005) |
| 09/28/2005 | | Case as to Marvin Thomas Reassigned to Judge Mark E. Fuller. Judge Joel F. Dubina no longer assigned to the case. (kcg, ) (Entered: 09/28/2005) |
| 09/29/2005 | 39 | MOTION to Continue by Marvin Thomas. (Attachments: # 1)(Halstrom, Timothy) (Entered: 09/29/2005) |
| 09/29/2005 | 40 | MOTION to Substitute Attorney by USA as to Marvin Thomas. (Redmond, Susan) (Entered: 09/29/2005) |
| 09/30/2005 | 41 | ORDER TO CONTINUE - Ends of Justice as to Marvin Thomas. GRANTING 39 MOTION to Continue filed by Marvin Thomas. Jury Trial is continued from 11/7/2005 to 2/13/2006 before Hon. Chief Judge Mark E. Fuller. The Magistrate Judge shall conduct a pretrial conference prior to the February 13, 2006 trial term. Signed by Judge Mark E. Fuller on 9/30/05. (kcg, ) (Entered: 09/30/2005) |
| 09/30/2005 | 42 | CJA 20 as to Marvin Thomas: Appointment of Attorney Timothy Charles Halstrom for Marvin Thomas. Signed by Judge Susan Russ Walker on 9/30/05. (kcg, ) (Entered: 09/30/2005) |
| 09/30/2005 | 43 | STAMPED ORDER granting 40 Motion to Substitute Attorney as to Marvin Thomas (1) filed by U.S.A.. Signed by Judge Susan Russ Walker on 9/30/05. (kcg, ) (Entered: 09/30/2005) |
| 10/04/2005 | 44 | ORDER as to Marvin Thomas that the Pretrial Conference previously scheduled for 10/17/2005 be and is hereby rescheduled for 1/20/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Signed by Judge Susan Russ Walker on 10/4/05. (kcg, ) (Entered: 10/04/2005) |
| 12/02/2005 | 45 | STATUS REPORT *Notice of Scheduling Conflict* by Marvin Thomas (Halstrom, Timothy) (Entered: 12/02/2005) |
| 12/06/2005 | 46 | ORDER as to Marvin Thomas that defendant has not been arraigned on the pending superseding indictment. Accordingly, it is ORDERED that Arraignment for this defendant be and is hereby set for 12/13/2005 03:00 |

| | | |
|---|---|---|
| | | PM in Courtroom 5B before Honorable Susan Russ Walker. The United States Marshal is DIRECTED to produce the defendant for the arraignment. Signed by Judge Susan Russ Walker on 12/6/05. (kcg, ) (Entered: 12/06/2005) |
| 12/08/2005 | | Case as to Marvin Thomas Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 | | UPDATE TRIAL DEADLINES as to Marvin Thomas: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 12/13/2005 | 47 | Minute Entry for proceedings held before Judge Susan Russ Walker :Arraignment on Superseding Indictment as to Marvin Thomas (1) Count 1s,2s,3s held on 12/13/2005, Plea entered by Marvin Thomas Not Guilty on counts 1s, 2s, 3s. (Recording Time 3:07 - 3:09.) (jct, ) (Entered: 12/13/2005) |
| 01/20/2006 | 48 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Marvin Thomas held on 1/20/2006 (Recording Time 3:09 - 3:12.) (jct, ) (Entered: 01/20/2006) |
| 01/30/2006 | 49 | NOTICE OF INTENT TO CHANGE PLEA by Marvin Thomas (Halstrom, Timothy) (Entered: 01/30/2006) |
| 01/31/2006 | 50 | ORDER as to Marvin Thomas Change of Plea Hearing set for 2/6/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker.. Signed by Judge Susan Russ Walker on 1/31/2006. (sql, ) (Entered: 01/31/2006) |
| 02/06/2006 | 51 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Marvin Thomas (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | 52 | PLEA AGREEMENT as to Marvin Thomas (jct, ) (Entered: 02/06/2006) |
| 02/06/2006 | | ORAL ORDER accepting guilty plea and adjudicating defendant guilty as to Count 3s of the Superseding Indictment as to Marvin Thomas . Signed by Judge Susan Russ Walker on 2/6/06. (jct, ) Modified on 6/19/2006 (snc): GUILTY PLEA WITHDRAWN; See dn 60. (Entered: 02/06/2006) |
| 02/06/2006 | 53 | Minute Entry for proceedings held before Judge Susan Russ Walker :Change of Plea Hearing as to Marvin Thomas held on 2/6/2006, Plea entered by Marvin Thomas (1) Guilty Count 3s; Counts 1s and 2s to be dismissed at sentencing; defendant remanded to custody of USM. (Court Reporter Risa Entrekin.) (jct, ) Modified on 6/19/2006 (snc): GUILTY PLEA WITHDRAWN; See dn 60. (Entered: 02/06/2006) |
| 02/07/2006 | 54 | MOTION Expedited Sentencing Hearing by Marvin Thomas. (Halstrom, Timothy) (Entered: 02/07/2006) |
| 02/14/2006 | 55 | ORDER as to Marvin Thomas Sentencing is set for 5/24/2006 09:45 AM in Courtroom 2D before Honorable L. Scott Coogler, as further set out. |

| | | |
|---|---|---|
| | | Signed by Judge L. Scott Coogler on 2/14/06. (kcg, ) (Entered: 02/15/2006) |
| 04/17/2006 | 56 | STAMPED ORDER denying 54 Motion to Expedite Sentencing as to Marvin Thomas (1). The Court has no earlier available setting. Signed by Judge L. Scott Coogler on 4/17/06. (kcg, ) (Entered: 04/17/2006) |
| 05/17/2006 | 57 | MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility by USA as to Marvin Thomas. (Redmond, Susan) (Entered: 05/17/2006) |
| 05/24/2006 | 58 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Marvin Thomas (ws, ) (Entered: 05/24/2006) |
| 05/24/2006 | 59 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Marvin Thomas (snc) (Entered: 05/25/2006) |
| 05/24/2006 | | ORAL ORDER as to Marvin Thomas GRANTING 57 MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility filed by USA . Signed by Judge L. Scott Coogler on 5/24/06. (jct, ) (Entered: 05/26/2006) |
| 05/24/2006 | | ORAL MOTION to Dismiss Counts 1s and 2s by USA as to Marvin Thomas. (jct, ) (Entered: 05/26/2006) |
| 05/24/2006 | | ORAL ORDER granting Oral Motion to Dismiss Counts 1s and 2s as to Marvin Thomas (1). Signed by Judge L. Scott Coogler on 5/24/06. (jct, ) (Entered: 05/26/2006) |
| 05/24/2006 | | ORAL MOTION to run sentence concurrent to state case by Marvin Thomas. (jct, ) (Entered: 05/26/2006) |
| 05/24/2006 | | ORAL ORDER granting in part and denying in part Oral Motion to run sentence concurrent to state case as to Marvin Thomas (1). Signed by Judge L. Scott Coogler on 5/24/06. (jct, ) (Entered: 05/26/2006) |
| 05/24/2006 | | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 5/24/2006 as to Marvin Thomas. ORAL ORDERS granting motion for reduction in criminal offense level, granting motion to dismiss Counts 1s and 2s, granting and denying in part motion to run sentence concurrent to state case (in part). Sentence imposed; defendant remanded. (Court Reporter Lindy Fuller.) (snc, ) (Entered: 05/26/2006) |
| 05/26/2006 | 60 | JUDGMENT as to Marvin Thomas (1). Count(s) 1, 2, 1s, 2s: Dismissed on Motion of the Government. Count(s) 3s: 37 Mos Imp (12 mos cons and 25 conc to Sentence imposed in 2:04cr188-MHT); 36 Mos Sup Rel; $100 SA . Signed by Judge L. Scott Coogler on 5/26/06. (snc) Modified on 6/19/2006 (snc): GUILTY PLEA WITHDRAWN and JUDGMENT VACATED; See dn 60. (Entered: 05/26/2006) |
| 06/13/2006 | 61 | MOTION to Withdraw Plea of Guilty by Marvin Thomas. (Halstrom, Timothy) (Entered: 06/13/2006) |
| | | |

| | | |
|---|---|---|
| 06/16/2006 | 62 | ORDER granting 61 Motion to Withdraw Plea of Guilty as to Marvin Thomas (1), WITHDRAWING the guilty plea entered by defendant Thomas on 2/6/06, and VACATING the Judgment 60 entered on 5/26/06.. Signed by Judge L. Scott Coogler on 6/16/06. (snc) (Entered: 06/19/2006) |
| 06/20/2006 | 63 | ORDER TO CONTINUE - Ends of Justice as to Marvin Thomas. The Defendant has been permitted to withdraw his guilty plea. Accordingly, it is ORDERED as follows: Jury Selection is set for 10/2/2006 before Honorable L. Scott Coogler. Jury Trial is set for 10/2/2006 before Honorable L. Scott Coogler. Motions in Limine are due by 9/25/2006; Proposed Jury Instructions are due by 9/25/2006; Voir Dire due by 9/25/2006; Plea Agreement due by 9/30/2006; Pretrial Conference set for 7/17/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Signed by Judge Susan Russ Walker on 6/20/06. (kcg, ) (Entered: 06/20/2006) |
| 07/17/2006 | 64 | Minute Entry for proceedings held before Judge Susan Russ Walker :Pretrial Conference as to Marvin Thomas held on 7/17/2006 (Recording Time 3:11 - 3:13.) (jct, ) (Entered: 07/18/2006) |
| 07/19/2006 | 65 | PRETRIAL CONFERENCE ORDER as to Marvin Thomas Jury Selection set for 10/2/2006 before Honorable L. Scott Coogler. Jury Trial [ETT 1 1/2 days] is set for 10/2/2006 before Honorable L. Scott Coogler. Pretrial Conference set for 9/11/2006 03:00 PM in Courtroom 5B before Honorable Susan Russ Walker. Voir Dire due by 9/25/2006; Proposed Jury Instructions due by 9/25/2006; Motions in Limine due by 9/25/2006; Notice of Intent to Change Plea due by noon on 9/20/2006. Signed by Judge Susan Russ Walker on 7/19/06. (kcg, ) (Entered: 07/19/2006) |
| 08/16/2006 | 66 | MOTION to Withdraw as Attorney by Timothy C. Halstrom. by Marvin Thomas. (Attachments: # 1)(Halstrom, Timothy) (Entered: 08/16/2006) |
| 08/17/2006 | 67 | MOTION for Special Setting for Trial by USA as to Marvin Thomas. (Redmond, Susan) (Entered: 08/17/2006) |
| 08/17/2006 | 68 | ORDER as to Marvin Thomas re 66 MOTION to Withdraw as Attorney by Timothy C. Halstrom; Motion Hearing set for 8/22/2006 09:00 AM in Courtroom 5B before Honorable Susan Russ Walker. Signed by Judge Susan Russ Walker on 8/17/06. (ajr) (Entered: 08/17/2006) |
| 08/18/2006 | 69 | STAMPED ORDER granting 67 Motion for special setting of trial as to Marvin Thomas (1). Jury selection will still be on 10/2/2006, jury trial will commence on 10/10/2006.. Signed by Judge L. Scott Coogler on 8/18/2006. (sql, ) (Entered: 08/18/2006) |
| 08/18/2006 | 70 | ORDER as to Marvin Thomas re 66 MOTION to Withdraw as Attorney by Timothy C. Halstrom. filed by Marvin Thomas, Motion Hearing set for 8/22/2006 before the undersigned Mag. Judge is hereby RE-SET for 8/31/2006 09:00 AM in Courtroom 2D before Honorable L. Scott Coogler as further set out.. Signed by Judge Susan Russ Walker on 8/18/2006. (sql, ) (Entered: 08/18/2006) |

| 08/28/2006 | | Set/Reset Hearing as to Marvin Thomas: Motion Hearing re 66 motion to withdraw as attorney set on 8/31/2006 reset from 9:00 AM to 10:00 AM before Honorable L. Scott Coogler (as directed by Judge Coogler) (snc) (Entered: 08/28/2006) |
| 08/31/2006 | 71 | Minute Entry for Motion Hearing held 8/31/06 before Judge L. Scott Coogler as to Marvin Thomas re 66 MOTION to Withdraw as Attorney by Timothy C. Halstrom(Court Reporter Jimmy Dickens.) (ajr) (Entered: 08/31/2006) |
| 08/31/2006 | | ORAL ORDER as to Marvin Thomas re 16 MOTION (Unopposed) for Mental Compentency Examination setting Competency Hearing for 9/7/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 8/31/06. (ajr) Modified on 8/31/2006 (snc). (Entered: 08/31/2006) |
| 08/31/2006 | | ORAL ORDER as to Marvin Thomas holding 66 Motion to Withdraw as Attorney in abeyance and directing that defendant will represent himself at the hearing with Attorney Tim Halstrom as standby; Signed by Judge L. Scott Coogler on 8/31/06. (ajr ) (Entered: 08/31/2006) |
| 08/31/2006 | 72 | MOTION Application for Subpoena by Marvin Thomas. (Attachments: # 1)(Halstrom, Timothy) (Entered: 08/31/2006) |
| 08/31/2006 | 73 | NOTICE of Correction re Oral Order - to reflect that order is in reference to document #16 - not document #66 as previously docketed.(ajr) (Entered: 08/31/2006) |
| 09/07/2006 | 74 | Minute Entry for proceedings held before Judge L. Scott Coogler :Motion Hearing as to Marvin Thomas held on 9/7/2006 re 66 MOTION to Withdraw as Attorney by Timothy C. Halstrom. (Court Reporter Mitchell Reisner.) (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | ORAL MOTION to Withdraw Oral Motion from 8/31/06 Regarding Competency Issue by Marvin Thomas. (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | ORAL ORDER as to Marvin Thomas GRANTING ORAL MOTION to Withdraw Oral Motion from 8/31/06 Regarding Competency Issue filed by Marvin Thomas. Signed by Judge L. Scott Coogler on 9/7/06. (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | ORAL ORDER as to Marvin Thomas GRANTING IN PART AND DENYING IN PART 66 MOTION to Withdraw as Attorney by Timothy C. Halstrom with defendant to proceed pro se and Attorney Halstrom to serve as stand-by at trial . Signed by Judge L. Scott Coogler on 9/7/06. (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | 75 | PLEA AGREEMENT as to Marvin Thomas (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | Minute Entry for proceedings held before Judge L. Scott Coogler :Change of Plea Hearing as to Marvin Thomas held on 9/7/2006, Plea entered by Marvin Thomas (1) Guilty Count 3s. (Court Reporter Risa L. Entrekin.) (kcg, ) (Entered: 09/08/2006) |

| | | |
|---|---|---|
| 09/07/2006 | | ORAL ORDER accepting guilty plea and adjudicating the defendant guilty as charged in Count 3 of the superseding indictment as to Marvin Thomas . Signed by Judge L. Scott Coogler on 9/7/06. (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | 76 | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 9/7/2006 as to Marvin Thomas (1) (Court Reporter Risa L. Entrekin.) (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | ORAL MOTION to Dismiss Counts 1s and 2s by USA as to Marvin Thomas. (kcg, ) (Entered: 09/08/2006) |
| 09/07/2006 | | ORAL ORDER as to Marvin Thomas GRANTING ORAL MOTION to Dismiss Counts 1s and 2s filed by USA with prejudice. Signed by Judge L. Scott Coogler on 9/7/06. (kcg, ) (Entered: 09/08/2006) |
| 09/08/2006 | 77 | JUDGMENT as to Marvin Thomas (1), Count(s) 1, 2, Dismissed by Motion of the Government; Count(s) 1s, 2s, Dismissed on Government's Oral Motion. 6/16/06: PLEA W/D; SENTENCE VACATED. 9/7/06 Dismissed by Oral Motion of the Government; Count(s) 3s, 37 Mos Imp (12 mos cons and 25 conc to Sentence imposed in 2:04cr188-MHT); 36 Mos Sup Rel; $100 SA. 6/16/06 - PLEA W/D; SENTENCE VACATED.9/7/06 - 37 Mos Imp (12 mos cons and 25 mos conc to sentence imposed in docket number 2:04cr188-MHT); 3 Yrs Sup Rel; $100 SA. Signed by Judge L. Scott Coogler on 9/8/06. (kcg, ) (Entered: 09/08/2006) |
| 09/18/2006 | 78 | AMENDED JUDGMENT as to Marvin Thomas (1), Count(s) 1, 2, Dismissed by Motion of the Government; Count(s) 1s, 2s, Dismissed on Government's Oral Motion. 6/16/06: PLEA W/D; SENTENCE VACATED. 9/7/06 Dismissed by Oral Motion of the Government; Count(s) 3s, 37 Mos Imp (12 mos cons and 25 conc to Sentence imposed in 2:04cr188-MHT); 36 Mos Sup Rel; $100 SA. 6/16/06 - PLEA W/D; SENTENCE VACATED. 9/7/06 - 37 Mos Imp (12 mos cons and 25 mos conc to sentence imposed in docket number 2:04cr188-MHT); 3 Yrs Sup Rel; $100 . Signed by Judge L. Scott Coogler on 9/18/06. (kcg, ) (Entered: 09/18/2006) |
| 09/18/2006 | 79 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Marvin Thomas (kcg, ) (Entered: 09/18/2006) |
| 09/20/2006 | 80 | Pro Se MOTION to Withdraw Plea by Marvin Thomas. (kcg, ) (Entered: 09/20/2006) |
| 09/21/2006 | 81 | ORDER denying 80 Pro Se Motion to Withdraw Plea of Guilty as to Marvin Thomas (1). Signed by Judge L. Scott Coogler on 9/21/06. (kcg, ) (Entered: 09/21/2006) |
| 10/03/2006 | 82 | CJA 20 as to Marvin Thomas: Authorization to Pay Timothy Halstrom. Amount: $ 6,418.95, Voucher # 060921000094. . Signed by Judge Mark E. Fuller on 9/21/06. (ws, ) (Entered: 10/03/2006) |
| 10/30/2006 | 83 | Judgment Returned Executed as to Marvin Thomas on 10/13/06 and filed |

| | | with the Court on 10/30/06. (kcg, ) (Entered: 11/02/2006) |
|---|---|---|
| 10/30/2006 | 84 | Judgment Returned Executed as to Marvin Thomas delivered to FCI MMA on 10/30/2006. (ag, ) (Entered: 11/03/2006) |
| 01/26/2007 | 85 | ORDER as to Marvin Thomas that upon consideration of Thomas's letter to the court dated January 16, 2007, which is attached to this order, in which the defendant seeks copies of his case file, and for good cause, it is ORDERED that Thomas is hereby informed that his criminal file was closed on September 8, 2006, after he entered a guilty plea (which included a waiver of appeal and collateral attach) and was sentenced. Accordingly, he no longer has an active criminal case in this court, as further set out. Signed by Judge Susan Russ Walker on 1/26/07. (Attachments: # 1 Letter) (kcg, ) (Entered: 01/26/2007) |
| 06/25/2007 | 86 | NOTICE by USA as to Marvin Thomas (Attachments: # 1 Attachment "A")(Redmond, Susan) (Entered: 06/25/2007) |
| 06/27/2007 | 87 | Pro Se MOTION for a Hearing to Discuss this Case and the Plea Agreement by Marvin Thomas. (kcg, ) (Entered: 06/29/2007) |
| 06/29/2007 | | Case as to Marvin Thomas Reassigned to Judge Mark E. Fuller. Judge L. Scott Coogler no longer assigned to the case. (kcg, ) (Entered: 06/29/2007) |
| 07/11/2007 | | Case as to Marvin Thomas Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 07/11/2007) |
| 07/12/2007 | 88 | ORDER as to Marvin Thomas that on June 27, 2007 document number 87, defendant Marvin Thomas filed in this court a document challenging the validity of his 2006 guilty plea for being a felon in possession of a firearm. A review of Thomas's allegations, to the extent they are understood by this court, indicates that he seeks relief that is appropriate only under the remedy provided by 28 U.S.C. 2255. Accordingly, the Clerk of this court is hereby DIRECTED to: 1. Open a civil action under 28 U.S.C. 2255. 2. Docket the document that is currently docketed as Doc. No. 87 in Criminal Case No. 2:05cr101 in the newly opended civil action. 3. Assign the newly opened case to the Magistrate Judge and District Judge to whom the instant case is assigned; and 4. Refer the case file to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives. Signed by Judge L. Scott Coogler on 7/12/07. (kcg, ) (Entered: 07/12/2007) |
| 12/03/2007 | 89 | TRANSCRIPT of Competency Hearing Proceedings (PDF available for court use only) as to Marvin Thomas held on 9/7/06 before Judge L. Scott Coogler. Court Reporter: Mitchell Reisner. (ws, ) (Entered: 12/03/2007) |
| 12/11/2007 | 90 | TRANSCRIPT of Change of Plea Proceedings (PDF available for court use only) as to Marvin Thomas held on 2/6/06 before Judge Susan Russ Walker. Court Reporter: Patricia Starkie for Risa Entrekin. (kcg, ) (Entered: 12/11/2007) |

| 12/11/2007 | 91 | TRANSCRIPT of Change of Plea and Sentencing Proceedings (PDF available for court use only) as to Marvin Thomas held on 9/7/06 before Judge L. Scott Coogler. Court Reporter: Patricia Starkie for Risa Entrekin. (kcg, ) (Entered: 12/11/2007) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/22/2008 17:00:57 | | |
| **PACER Login:** | du4814 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cr-00101-LSC-SRW |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

FILED

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

JUN 2 9 2005

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  03:05cr101-F |
| | ) | [26 U.S.C. § 5861(d); |
| MARVIN THOMAS | ) | 18 U.S.C. § 922(g)(1)] |
| | ) | |
| | ) | <u>SUPERSEDING INDICTMENT</u> |

The Grand Jury charges:

### COUNT 1

On or about August 10, 2004, in Macon County, Alabama, within the Middle District of

Alabama,

### MARVIN THOMAS,

defendant herein, did knowingly receive and possess a firearm, that is, a short-barreled shotgun, with

a barrel length of less than 18 inches, which had not been registered to him in the National Firearms

Registration and Transfer Record as required by Title 26, United States Code, Section 5841, in

violation of Title 26, United States Code, Section 5861(d).

### COUNT 2

On or about August 10, 2004, in Macon County, Alabama, within the Middle District of

Alabama,

### MARVIN THOMAS,

defendant herein, having been convicted of the following felony crime, which is a crime punishable

by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Theft

of Property 2nd, on or about April 8, 1993, in the Circuit Court of Lee County, Alabama (Case No.


GOVERNMENT
EXHIBIT
B



CC 93-228), did knowingly possess in and affecting commerce a firearm, to wit: a short-barreled

shotgun, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 3

On or about February 2, 2004, in Macon County, Alabama, within the Middle District of

Alabama,

MARVIN THOMAS,

defendant herein, having been convicted of the following felony crime, which is a crime punishable

by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Theft

of Property 2nd, on or about April 8, 1993, in the Circuit Court of Lee County, Alabama (Case No.

CC 93-228), did knowingly possess in and affecting commerce a firearm, to wit: a Stevens, Model

67, 12 gauge shotgun, bearing serial number E731387, in violation of Title 18, United States Code,

Section 922(g)(1).

FORFEITURE ALLEGATION

A.    Counts 2 and 3 of this indictment are hereby repeated and incorporated herein by

reference.

B.    Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1),

as alleged in Counts 2 and 3 of this indictment, the defendant,

MARVIN THOMAS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Section

2461(c), all firearms and ammunition involved in the commission of this offense, including but not

limited to the following: (a) a short barreled shotgun, and (b) a Stevens, Model 67, 12 gauge shotgun,

bearing serial number E731387.

2

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred and sold to, and deposited with a third person;

3.    has been placed beyond the jurisdiction of the court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be divided without difficulty; the court shall pursuant to Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c), order the forfeiture of any other property of the defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Sections 922(g) and 924(d).

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
Andrew O. Schiff
Assistant United States Attorney

_____
John T. Harmon
Assistant United States Attorney

3

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:05-cr-101-LSC |
| | ) | |
| MARVIN THOMAS | ) | |

**FILED**
*in open court*
SEP −7 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

### PLEA AGREEMENT

DEFENSE COUNSEL:              MARVIN THOMAS/TIMOTHY HALSTROM

ASSISTANT U.S. ATTORNEY:        SUSAN R. REDMOND

## COUNTS AND STATUTES CHARGED:

Count 1.          26 U.S.C. § 5861
                  Firearms Registration violation

Count 2.          18 U.S.C. § 922(g)(1)
                  Felon in possession

Count 3.          18 U.S.C. § 922(g)(1)
                  Felon in possession

## COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 3.          18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 3.          18 U.S.C. § 922(g)(1)

                  NMT 10Y;
                  NMT $250,000; both
                  NMT 3Y SUP REL;
                  $100 AF;
                  VWPA.


GOVERNMENT
EXHIBIT
C

**ELEMENTS OF THE OFFENSE:**

18 USC § 922(g)(1):

First:     That the defendant knowingly and intentionally possessed a firearm or ammunition; and

Second:    That the firearm traveled in and affected interstate commerce; and

Third:     That the defendant has been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, a felony.

*******************************************************************

Susan R. Redmond, Assistant United States Attorney, and Marvin Thomas, representing himself and Timothy Halstrom, acting as stand-by counsel, pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the participation and authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will not be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

### GOVERNMENT'S PROVISIONS

1.    Upon entering a plea of guilty by the defendant to the offense charged in Count 3 of the Indictment, the attorney for the government will do the following:

a.    The government will agree, pursuant to Rule 11(c)(1)(B), not to oppose the defendant's request that a sentence of 37 months is appropriate.

2

b.     The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

2.     The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.     The defendant agrees to the following:

a.     To plead guilty to Count 3 of the Indictment.

b.     To forfeit to the United States any and all rights to any property constituting or derived from any proceeds obtained directly or indirectly as a result of the violation of Count 3 of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of any counts of the Indictment.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 3 of the Indictment and understands

3

that the nature of the charge to which the plea is offered involves proof as to Count 3, that the defendant committed the crime of felon in possession of a firearm as follows: that on or about February 2, 2004, in Macon County, Alabama, within the Middle District of Alabama, the defendant, having been convicted of the following felony crime, which is a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit: Theft of Property 2nd, on or about April 8, 1993, in the Circuit Court of Lee County, Alabama (Case No. CC 93-228), did knowingly possess in and affecting commerce a firearm, to-wit: a Stevens, Model 67, 12 gauge shotgun, bearing serial number E731387, in violation of Title 18, United States Code, Section 922(g)(1).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, other than ineffective assistance of counsel and prosecutorial misconduct.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.    The defendant, before entering a plea of guilty to Count 3 of the Indictment as

4

provided for herein by said Plea Agreement, advises the Court that:

      a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

      b.    Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

      c.    The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that

by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

       f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

       g.    The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

       h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

       i.    The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

       j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the

defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

        k.     The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

        6.     The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7.    The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 7th day of September, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


Louis V. Franklin
Chief - Criminal Division
U.S. Attorney's Office
One Court Square, Suite 201
Montgomery, Alabama 36104


Susan R. Redmond
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

8

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, MARVIN THOMAS/TIMOTHY HALSTROM.

Marvin Thomas
Defendant

9 - 7 - 06
Date

Timothy Halstrom
Attorney for the Defendant

9 - 7 - 06
Date

9

1     IN THE UNITED STATES DISTRICT COURT

2    FOR THE MIDDLE DISTRICT OF ALABAMA

3       NORTHERN DIVISION

4

5  UNITED STATES OF AMERICA

6    vs.     CASE NO.: 2:05cr101-LSC

7  MARVIN THOMAS,

8    Defendant.

9    * * * * * * * * * * * * * *

10     CHANGE OF PLEA HEARING

11      SENTENCING HEARING

12    * * * * * * * * * * * * * *

13   BEFORE THE HONORABLE L. Scott Coogler, United States

14 District Judge, at Montgomery, Alabama, on September 7, 2006,

15 commencing at 2:30 p.m.

16       APPEARANCES

17 FOR THE GOVERNMENT:  Ms. Susan Redmond
          Assistant United States Attorney
18         OFFICE OF THE UNITED STATES ATTORNEY
          131 Clayton Street
19         Montgomery, Alabama 36104

20 FOR THE DEFENDANT:  Mr. Timothy Halstrom
          Moore & Halstrom
21         Attorneys at Law
          4170 Lomac Street
22         Montgomery, Alabama 36106

23

24    Proceedings reported stenographically;

     transcript produced by computer

25

GOVERNMENT
EXHIBIT
D

**2**

1      (The following proceedings were heard before the
2   Honorable L. Scott Coogler, United States District Judge, at
3   Montgomery, Alabama, on September 7, 2006, commencing at
4   2:30 p.m.)
5      THE COURT:  Are we ready?
6      MS. REDMOND:  The government is ready, Your Honor.
7      MR. HALSTROM:  Defense is ready, Your Honor.
8      THE COURT:  All right.  This is the case of United
9   States of America versus Marvin Thomas, case number 05-101.
10     Mr. Thomas, we're here for the purpose of allowing you
11  to enter into a plea of guilty if that's what you want to do.
12     THE DEFENDANT:  Yes, sir.
13     THE COURT:  You will not be forced to do that.  I'm
14  going to have some questions that I will be asking you.  Your
15  responses to my questions will be material to the decision I'm
16  going to make here today; that is, whether I accept your guilty
17  plea.
18     THE DEFENDANT:  Yes, sir.
19     THE COURT:  If you fail to provide me full and complete
20  and honest responses to the questions I ask, since you'll be
21  placed under oath, then you could be charged with the additional
22  penalty of perjury.  Do you understand that?
23     THE DEFENDANT:  Yes, sir.
24     THE COURT:  Place him under oath, please, ma'am.
25     THE CLERK:  Raise your right hand.

**3**

1    (The defendant is sworn)
2      THE CLERK:  Thank you.
3      THE COURT:  Tell me your full name, please, sir.
4      THE DEFENDANT:  Marvin Thomas.
5      THE COURT:  What's your date of birth?
6      THE DEFENDANT:  4/12/66.
7      THE COURT:  I need you to switch over with him on that
8   side, and you go on that side.  Talk into that microphone for
9   me, okay?
10     THE DEFENDANT:  Date of birth is the 4th month, the
11  12th day, the 66th year.
12     THE COURT:  How far did you get in school?
13     THE DEFENDANT:  I went to the twelfth grade.
14     THE COURT:  Did you graduate?
15     THE DEFENDANT:  No, sir.  I got my GED later down in
16  Pensacola, Florida.
17     THE COURT:  Can you read, speak, and understand the
18  English language?
19     THE DEFENDANT:  Yes, sir, I can.
20     THE COURT:  In the last 48 hours, have you consumed any
21  alcoholic beverage?
22     THE DEFENDANT:  No, sir, I haven't.
23     THE COURT:  In the last 48 hours, have you taken any
24  drugs, legal or illegal?
25     THE DEFENDANT:  No, sir.

**4**

1      THE COURT:  Are you suffering from any mental or
2   emotional impairment or physical illness that might affect your
3   ability to understand what we're doing today?
4      THE DEFENDANT:  No, sir, I'm not.
5      THE COURT:  All right.  You have your lawyer that's
6   standing there beside you.  And I know that we've talked about
7   him being stand-by counsel and whatnot, but I'm telling you, I'm
8   designating him as counsel for the purpose of this guilty plea.
9   Okay?
10     THE DEFENDANT:  Yes, sir.
11     THE COURT:  Do you have any objection to that?
12     THE DEFENDANT:  No, sir, I don't.
13     THE COURT:  And I know -- well, let me just ask you.
14  How have you done as far as an attorney goes for you?
15     THE DEFENDANT:  Oh, we're doing fine.
16     THE COURT:  Has he been able to explain the forms that
17  you've encountered?
18     THE DEFENDANT:  Yes, sir, he has.
19     THE COURT:  Has he spent what you think to be a
20  sufficient amount of time in your case?
21     THE DEFENDANT:  Sir?
22     THE COURT:  Has he done -- has he spent enough time
23  with you in your case?
24     THE DEFENDANT:  Yes, sir, he has.
25     THE COURT:  Do you have any complaints or problems with

**5**

1  him as your attorney?
2      THE DEFENDANT:  No, sir.
3      THE COURT:  Did you get a copy of the indictment in
4   this case?
5      MR. HALSTROM:  The charges against you.
6      THE DEFENDANT:  Oh, yes, sir, I have.
7      THE COURT:  All right.  And you went over them with
8   your lawyer, I assume, at some point?
9      THE DEFENDANT:  Yes.  We went over --
10     THE COURT:  And you understand what you're charged
11  with, right?
12     THE DEFENDANT:  Oh, yes, sir.  I'm understanding.
13     THE COURT:  And we're going to talk about the guilty --
14  what you're wanting to plead guilty to in a minute, but I just
15  want to make sure that you've seen it and that you understand
16  what you're charged with.
17     THE DEFENDANT:  Yes, sir.
18     THE COURT:  All right.  There's a document -- well, I
19  want to explain to you this document.  It's called the plea
20  agreement.
21     THE DEFENDANT:  Uh-huh.
22     THE COURT:  And it purports to have your signature.
23  And you've got a copy of it, I think, right there in front of
24  you, but let's flip through it.  It's been filed in open court
25  today here on September 7th.  It appears to have your signature

6

1  there on page 9. Is that your signature?

2      THE DEFENDANT: Yes, sir, it is.

3      THE COURT: Did you read this document before you

4  signed it?

5      THE DEFENDANT: Yes, sir.

6      THE COURT: Did your lawyer go over the document with

7  you as well?

8      THE DEFENDANT: Yes, sir, he did.

9      THE COURT: Okay. Based upon your reading of that

10  document and your attorney's explanation of it to you, do you

11  believe that you understand everything that's in it?

12      THE DEFENDANT: Yes, sir, I do.

13      THE COURT: Does this document state all of the

14  agreement that you have with the government?

15      THE DEFENDANT: Yes, sir.

16      THE COURT: Are there any side agreements that are not

17  covered by this document?

18      THE DEFENDANT: No, sir.

19      THE COURT: Do you understand that this is a plea

20  agreement, and it's not binding upon me?

21      THE DEFENDANT: Yes, sir.

22      THE COURT: Do you understand that?

23      THE DEFENDANT: Yes, sir.

24      THE COURT: This is an agreement you have with the

25  government.

7

1      THE DEFENDANT: Yes, sir.

2      THE COURT: If I choose not to follow the agreement,

3  it's not going to be a ground for you to ask me to set aside

4  your guilty plea. Do you understand me?

5      THE DEFENDANT: Yes, sir.

6      THE COURT: And do you understand that?

7      THE DEFENDANT: Yes, sir, Your Honor.

8      THE COURT: Okay. I want to make sure that when you

9  sign this, you -- there's a part here that says defendant waives

10  appeal and collateral attack. It's on page four. Do you see

11  that part?

12      THE DEFENDANT: Yes, sir, I see it.

13      THE COURT: Do you understand that what you were doing

14  there was giving up your right to appeal or to file what we call

15  a post --

16      THE DEFENDANT: Yes, sir.

17      THE COURT: -- conviction petition? Did you understand

18  that?

19      THE DEFENDANT: Yes, sir.

20      THE COURT: Okay. This plea agreement starts on -- at

21  page three with a section called factual basis. Do you see

22  that --

23      THE DEFENDANT: Yes, sir, I see it.

24      THE COURT: -- at the bottom of page three, going on to

25  the top of page four?

8

1      THE DEFENDANT: Yes, sir, I see it.

2      THE COURT: It looks like to me that that particular

3  section is a statement of what happened in this case, the facts,

4  and that you, by signing this document, you're stipulating that

5  those facts are true and correct and that I should rely on them.

6      THE DEFENDANT: Yes, sir.

7      THE COURT: Okay. It appears to me that the

8  government, by this plea agreement, is agreeing not to oppose a

9  37-month sentence in your case, among other things; is that

10  correct?

11      THE DEFENDANT: Yes, sir.

12      THE COURT: It appears also that the government's going

13  to agree to the dismissal of Counts 1 and 2, and that you'll be

14  pleading to Count 3; is that correct?

15      THE DEFENDANT: Yes, sir.

16      THE COURT: Okay.

17      MS. REDMOND: I just want to be clear, Judge. That

18  is -- excuse me -- that is not a term or condition of the plea

19  agreement. It's not contained within the body of the plea

20  agreement. It is the government's intent, however, to dismiss

21  Counts 1 and 2 after sentencing.

22      THE COURT: Okay. All right. Is this your client's

23  agreement with the government?

24      MR. HALSTROM: Yes, sir, it is.

25      THE COURT: Is this the government's agreement with the

9

1  defendant?

2      MS. REDMOND: It is, Your Honor.

3      THE COURT: All right. I want to go over some of the

4  rights that you have to make sure that you understand them. I

5  know you've been doing this for a while and that you've already

6  pled guilty once, asked me to set it aside, and I set it aside.

7  You had a magistrate judge explain to you those rights, but I'm

8  going to go back over some of those same rights and make sure

9  that you understand them, okay?

10      THE DEFENDANT: Yes, sir.

11      THE COURT: All right. You are presumed to be not

12  guilty of the charges made against you in the indictment, and

13  that presumption alone is sufficient to make sure that you will

14  not be convicted unless you either plead guilty and I accept

15  that guilty plea, or we have a trial and a jury finds you

16  guilty. Do you understand that?

17      THE DEFENDANT: Yes, sir, I do.

18      THE COURT: All right. You have the right in any

19  trial, before and after that trial, to be represented by a

20  constitutionally adequate attorney. You also have the right in

21  any trial of a jury of your peers, duly selected, with the

22  assistance of an attorney, to confront and cross-examine all the

23  evidence and witnesses against you. Do you understand that?

24      THE DEFENDANT: Yes, sir.

25      THE COURT: You have a right to subpoena your own

10

1  witnesses and to have this Court require their attendance and
2  their testimony.
3       At the time of the trial, you have the right to refuse
4  to testify or to testify. It's up to you. You make that
5  decision. If you decide you want to testify and you do testify
6  in your own case, the government has the right to cross-examine
7  you just like all other witnesses are subject to
8  cross-examination. Do you understand that part?
9       THE DEFENDANT: Yes, sir.
10      THE COURT: If you decide not it testify, then no one
11  but your attorney will be allowed to comment about that fact to
12  the jury. Do you understand that?
13      THE DEFENDANT: Yes, sir, I do.
14      THE COURT: Okay. So if we go to trial, the government
15  would have the burden of proving you guilty beyond a reasonable
16  doubt. If the government fails to do that, then you would be
17  entitled to a verdict of not guilty. Do you understand that?
18      THE DEFENDANT: Yes, sir.
19      THE COURT: Okay. You have no burden of proof in this
20  case. You don't have to prove anything. Do you understand
21  that?
22      THE DEFENDANT: Yes, sir.
23      THE COURT: Okay. So if you plead guilty and I accept
24  the guilty plea, you're going to give up certain rights. You're
25  going to give up the presumption that you're not guilty of the

11

1  charges against you. You're going to give up the right to proof
2  beyond a reasonable doubt. You're going to give up the right to
3  a trial by jury. You're going to give up the right to confront
4  and cross-examine the witnesses and evidence against you.
5  You'll be giving up the right to call your own witnesses and to
6  subpoena your own witnesses to testify in your behalf in the
7  guilt or innocence phase. Do you understand that?
8       THE DEFENDANT: Yes, sir, I do.
9       THE COURT: You will also be giving up the right to
10  refuse to testify, because by pleading guilty you do, in fact,
11  testify. You testify when you tell me that you're guilty and
12  you're ready to be sentenced. Do you understand that part of
13  it?
14      THE DEFENDANT: Yes, sir, I do.
15      THE COURT: If you plead guilty and I accept the guilty
16  plea, the only thing that would be left for us to do, then, is
17  to sentence you.
18      THE DEFENDANT: Yes, sir.
19      THE COURT: You'll be just as guilty as if we had a
20  trial and a jury determined you to be guilty. Do you understand
21  that?
22      THE DEFENDANT: Yes, sir, I do.
23      THE COURT: In this case, you're charged with a
24  three-count indictment, although I understand you're going to be
25  pleading guilty to Count 3 and the government is going to be

12

1  dismissing Counts 1 and 2 upon your sentencing.
2       Count 3 charges you with a violation of 18 U.S.C.
3  Section 922(g)(1). It's ordinarily referred to as a felon in
4  possession of a firearm.
5       To prove you guilty of that offense, the government
6  must prove the following things: First, that you knowingly
7  possessed a firearm in or affecting interstate commerce as
8  charged in the indictment, and second, that at the time you
9  possessed that firearm, you had been previously convicted of a
10  crime punishable by imprisonment for a term in excess of one
11  year.
12      Interstate commerce includes the movement of a firearm
13  between anyplace in one state and anyplace in another. It is
14  not, however, necessary that the government prove that you knew
15  the firearm had moved in interstate commerce. The word
16  "knowingly," as that term is used, means that the act was done
17  voluntarily and intentionally, not because of mistake or
18  accident. And the word "willfully" means that the act was
19  committed voluntarily and purposefully, with specific intent to
20  do something the law forbids.
21      Do you understand all I've explained to you that the
22  government has to prove to prove you guilty of that offense?
23      THE DEFENDANT: Yes, sir, I do.
24      THE COURT: Is the government satisfied that I've
25  explained the nature and the material elements of the offense

13

1  the defendant is charged with?
2       MS. REDMOND: Yes, Your Honor.
3       THE COURT: If you are convicted of that offense, then
4  you are subject to a statutory range of punishment. Now,
5  there's two different ranges of punishment we're going to talk
6  about. One is the guideline range and the other is the
7  statutory range. The statutory range is the maximum things that
8  can happen to you, okay, set by statute. Even if I wanted to
9  exceed that, I couldn't do it. Do you understand what I mean?
10      THE DEFENDANT: Yes, sir, I understand.
11      THE COURT: The statutory range of punishment is if
12  you're convicted, either by guilty plea or by trial by jury, you
13  would be subject to the following: Imprisonment of not more
14  than 10 years in prison, a fine of not more than $250,000, a
15  supervised release term following your imprisonment of not more
16  than three years, a special assessment fee of $100, and --
17  victim's compensation?
18      MS. REDMOND: Judge, if I may, it does not appear that
19  in this particular instance any restitution would be due to a
20  victim.
21      THE COURT: All right. Well, if there was, then you
22  would be subject to that as well.
23      THE DEFENDANT: Yes, sir.
24      THE COURT: All right. Is the government satisfied
25  that I've explained the statutory range of punishment?

14

1    MS. REDMOND: Yes, Your Honor.

2    THE COURT: This is a felony, and so it also -- the

3    conviction in a felony case could also deprive you of valuable

4    civil rights, such as the right to vote, hold public office,

5    serve on a jury, or possess any kind of firearm. Do you

6    understand all that?

7    THE DEFENDANT: Yes, sir. Yes, sir, I do.

8    THE COURT: Okay. The United States Sentencing

9    Guidelines are not mandatory anymore. They're advisory. I know

10   you know about them, because we've already had a presentence

11   investigation done in this case. As a matter of fact, I have

12   sentenced you in this case, and you asked me to set it aside.

13   That's why we're here today, because now you want to go back to

14   kind of the way you were. In other words, you want to plead

15   guilty, and you're hoping that I will sentence you back to the

16   way I sentenced you before. And I understand that. But do you

17   understand the difference between the sentencing guidelines and

18   the statutory range of punishment?

19   (Defendant confers with Mr. Halstrom.)

20   THE COURT: Is there a forfeiture count?

21   MS. REDMOND: There is not, Your Honor, but there is a

22   provision within that plea agreement that he gives up any rights

23   to either of those two guns contained within the body of the

24   indictment.

25   THE COURT: Okay.

15

1    MR. HALSTROM: That's been explained, and he

2    understands it.

3    THE COURT: Do you understand the difference?

4    THE DEFENDANT: Yes, sir, I do.

5    THE COURT: The advisory guideline range will be the --

6    basically, the same thing that we've already talked about in

7    your case. The presentence report that was done I don't

8    anticipate changing other than the dates of the convictions, but

9    other than that, the guideline range of punishment will end up

10   being the same. But it is advisory. It's not binding upon me.

11   I'm not required to follow it. Do you understand that?

12   THE DEFENDANT: Yes, sir, I understand.

13   THE COURT: I would consider it, the guideline range,

14   along with the other factors set forth in 18 U.S.C., Section

15   3553, in determining what is necessary to accomplish the goals

16   set forth in 18 U.S.C., Section 3553.

17   Has anybody threatened you, coerced you in any way to

18   get you to plead guilty?

19   THE DEFENDANT: No, sir, they haven't.

20   THE COURT: Has anybody offered you any reward or hope

21   of reward for pleading guilty?

22   THE DEFENDANT: No, sir.

23   THE COURT: Are you wanting to plead guilty because you

24   are, in fact, guilty in this case?

25   THE DEFENDANT: Yes, Your Honor, I'm guilty.

16

1    THE COURT: Sir?

2    THE DEFENDANT: Yes, I'm guilty.

3    THE COURT: I'm going to ask the government to recite

4    the factual basis for the guilty plea, which, of course, just

5    begins at the bottom of page three. Listen to what she says,

6    because when she gets through talking, I'm going to ask you is

7    that substantially correct, did you do the things the government

8    said you did. Okay?

9    THE DEFENDANT: Yes, sir.

10   THE COURT: Go ahead.

11   MS. REDMOND: Judge, the factual basis for the plea of

12   guilty as to Count 3 of the indictment is that prior to February

13   2nd, 2004, the defendant had been convicted of a felony offense,

14   that being theft of property, second degree, in the Circuit

15   Court of Lee County, Alabama, under Case Number 93-228, that

16   occurring in April of 1993; that on or about February 2nd, 2004,

17   in Macon County, which is within the Middle District of Alabama,

18   the defendant knowingly possessed a firearm, a Stevens Model 67

19   12-gauge shotgun, bearing serial number E-731387, said firearm

20   having been in and affected interstate commerce, in violation of

21   Title 18, United States Code, Section 922(g)(1).

22   THE COURT: Did you hear what the government said?

23   THE DEFENDANT: Yes, sir, I heard.

24   THE COURT: Did you do the things the government says

25   you did when she recited those facts?

17

1    THE DEFENDANT: Talking about possess? Yes, sir.

2    THE COURT: Sir?

3    THE DEFENDANT: Yes, sir.

4    THE COURT: Is what she said substantially correct?

5    THE DEFENDANT: Yes.

6    THE COURT: Have you heard anything today that changes

7    your mind about wanting to plead guilty?

8    THE DEFENDANT: Can I -- sir?

9    THE COURT: Have you heard anything that changes your

10   mind about wanting to plead guilty today?

11   THE DEFENDANT: No, sir.

12   THE COURT: All right. I'll ask your attorney, do you

13   know of any reason I shouldn't accept the guilty plea that's

14   offered?

15   THE DEFENDANT: No, Your Honor.

16   MR. HALSTROM: No, Your Honor.

17   THE COURT: Does the government know of any reason I

18   should not accept the guilty plea that's offered?

19   MS. REDMOND: No, Your Honor.

20   THE COURT: All right. Mr. Thomas, you're not required

21   to plead guilty even though you've signed these documents.

22   We've done this. You can tell me you plead not guilty if you'd

23   like to, we have a trial set up, coming up, and we'd be just

24   happy for you to go to trial. Do you understand that?

25   THE DEFENDANT: Yes, sir, I do.

18

1     THE COURT: But if you decide to plead guilty to Count
2  3, I'm prepared to accept that guilty plea. Okay?
3     THE DEFENDANT: Yes, sir.
4     THE COURT: Have you got any questions before I ask you
5  how you plead?
6     THE DEFENDANT: No, sir.
7     THE COURT: Okay. To the charges made against you in
8  Count 3 of the indictment, how do you plead?
9     THE DEFENDANT: I plead guilty.
10    THE COURT: It's the finding of this Court that the
11  defendant is fully competent and capable of entering an informed
12  plea, that the defendant is aware of the nature of the charge
13  and the consequences of the plea, and that the plea of guilty is
14  a knowing and voluntary plea supported by an independent basis
15  in fact containing each of the essential elements of the
16  offense. The plea is therefore accepted and the defendant is
17  now adjudged guilty of that offense.
18    We'll move on to the sentencing. You have a right to
19  have the probation office review and check your records some
20  more and that type thing and see if the presentence report needs
21  to be modified, but I understand you want to go on with the
22  sentencing right now based on the presentence report that was
23  already issued by the probation office; is that correct?
24    THE DEFENDANT: Yes, sir, that's correct.
25    THE COURT: So you are, I assume, waiving a new

19

1  presentence report; is that correct?
2     THE DEFENDANT: Yes, sir.
3     THE COURT: Counsel, is that correct?
4     MR. HALSTROM: Yes, Your Honor.
5     THE COURT: All right. And does the government have
6  any objection to that?
7     MS. REDMOND: No, Your Honor. The government has no
8  objection to traveling under the PSR prepared in the prior
9  sentencing in this matter.
10    THE COURT: All right. Mr. Thomas, do you have any
11  objections to the presentence report as it was previously
12  made --
13    THE DEFENDANT: No --
14    THE COURT: -- with the differences being that the
15  probation office will be assisting us in modifying the
16  conviction dates from before until now, and that I will be the
17  judge that accepted your guilty plea as opposed to the
18  magistrate judge? But with those exceptions, do you have any
19  objections to the presentence report?
20    THE DEFENDANT: No, sir, I don't.
21    THE COURT: Does the government have any objections to
22  the presentence report?
23    MS. REDMOND: Judge, with the following caveat, no:
24  That the presentence report also be modified to reflect the
25  change in the terms of the plea agreement as well as the nature

20

1  of the plea agreement being an 11(c)(1)(B) plea agreement.
2     THE COURT: It will. Where it refers to it being an
3  11(c)(1)(C) plea, it will be changed to that, 11(c)(1)(B) -- or
4  11(b)(1) --
5     MS. REDMOND: (c)(1)(B).
6     THE COURT: (c)(1)(B). And any references to the
7  effect of the plea agreement will be changed to reflect that as
8  well.
9     Let me ask your lawyer. Do you have any objections to
10  the presentence report?
11    MR. HALSTROM: No, Your Honor.
12    THE COURT: There being no objections, the Court adopts
13  the factual statements contained in the presentence report,
14  other than those modified by the Court a moment ago, and makes
15  specific findings that the guideline offense level is 12, the
16  criminal history category is Roman numeral 6, and the advisory
17  guideline imprisonment range is from 30 to 37 months. The
18  supervised or authorized supervised release term is from two to
19  three years, and the fine range is from 3,000 to $30,000.
20    Do you have anything to say in mitigation or otherwise
21  before I pronounce the sentence of law upon your client?
22    THE DEFENDANT: No, sir. I'm -- I ain't got nothing to
23  say, Your Honor.
24    THE COURT: Do you, counsel?
25    MR. HALSTROM: No, Your Honor.

21

1     THE COURT: Does the government have anything it wants
2  to say?
3     MS. REDMOND: Judge, if I may have just a quick second.
4     THE COURT: Okay.
5     (Brief pause)
6     MS. REDMOND: No objection.
7     THE COURT: Do you have anything you want to say before
8  I sentence the defendant?
9     MS. REDMOND: No, Your Honor.
10    THE COURT: All right. I understand that pursuant to
11  the plea agreement, the defendant's going to ask for 37 months
12  and the government is not going to oppose that; is that correct?
13    MS. REDMOND: That is a correct statement.
14    THE COURT: Is that correct?
15    MR. HALSTROM: That's correct, Your Honor.
16    THE COURT: All right. I want to state for the record
17  that I recognize that the sentencing -- the guideline sentencing
18  range is advisory, not mandatory. I am to consider it as an
19  important factor along with the other factors in 18 U.S.C.,
20  Section 3553, which I have done, and I determine that a sentence
21  as I gave before is appropriate to the defendant. It
22  accomplishes the goals set forth in 18 U.S.C., Section 3553.
23  Therefore, pursuant to the Sentencing Reform Act of 1984, it is
24  the judgment of this Court that the defendant be sentenced to
25  imprisonment in the amount of 37 months as to Count 3. On

**22**

1 motion of the government, Counts 2 and 1 are dismissed.

2     MS. REDMOND: Thank you, Your Honor.

3     THE COURT: The term of imprisonment shall run in the

4 following manner: 12 months shall run consecutively to any

5 other case, including case number 04cr188-MHT of the United

6 States District Court for the Middle District of Alabama. 25 of

7 those 37 months shall run concurrently with the sentence being

8 served presently by the defendant in that case.

9     Let me make sure this is clear. Any other sentence as

10 well, at a minimum, 12 months is to run consecutive to any other

11 sentences in case I've got the wrong case number for some reason

12 or I've missed one there.

13     The defendant is ordered to pay a special assessment

14 fee in the amount of $100. I'm waiving any fine because of the

15 defendant's inability to pay a fine.

16     Once you complete your imprisonment, serve your term of

17 imprisonment, you will be placed on a term of supervised release

18 for a period of three years. While on supervised release, you

19 will comply with the standard and mandatory conditions of

20 supervised release of record in this Court as well as the

21 following special conditions: You shall participate under

22 administrative supervision of the probation office in drug

23 testing and treatment and shall pay the cost of such drug

24 treatment and testing to the extent that you have the ability to

25 pay that or there is third-party payments available. You shall

**23**

1 further submit to the search of your person, residence, office,

2 or vehicle pursuant to the search policy of this Court, and you

3 shall cooperate in the collection of DNA.

4     Are there any objections to the sentence or the manner

5 in which the sentence was pronounced or imposed other than as

6 previously stated from the government?

7     MS. REDMOND: No, Your Honor.

8     THE COURT: From the defendant?

9     MR. HALSTROM: Any objection?

10     THE DEFENDANT: Oh. No, sir. No, sir.

11     MR. HALSTROM: No, Your Honor.

12     THE COURT: You have the right to appeal the sentence

13 imposed if you believe the sentence is in violation of the law.

14 However, you may have waived some or all of those rights as part

15 of your plea agreement. We discussed that earlier.

16     THE DEFENDANT: Yes, sir.

17     THE COURT: If you did, in fact, waive some or all of

18 your rights as part of the plea agreement, such waivers are

19 generally found to be enforceable. If you believe it's not

20 enforceable, you can present that theory to the appropriate

21 appellate court. With few exceptions, however, any notice of

22 appeal must be filed within ten days of judgment being entered

23 in your case. If you do not have the ability to pay the cost of

24 an appeal, you may apply for leave to appeal in forma pauperis

25 and for the appointment of counsel. If granted, the clerk of

**24**

1 the court will assist you in preparing and filing your notice of

2 appeal.

3     Any questions from anybody?

4     MS. REDMOND: Judge, not as to anything stated by the

5 Court. I do have a question as to whether or not the modified

6 PSR will be added as far as the Court's record under seal.

7     PROBATION OFFICER: It will be filed with the clerk --

8     MS. REDMOND: Thank you, Your Honor.

9     PROBATION OFFICER: -- as to changes to the previous

10 PSR.

11     MS. REDMOND: Nothing further for the government.

12     THE COURT: And you did move to dismiss Counts 1 and

13 2?

14     MS. REDMOND: I did, Your Honor, and it was granted by

15 the Court.

16     THE COURT: I assume that you want the same request

17 that you previously made for drug treatment and that you be

18 housed as close as we can get you to Macon County, Alabama?

19     THE DEFENDANT: Please, sir. I sure would like --

20     THE COURT: And I'll put those same requests in the

21 judgment.

22     THE DEFENDANT: Thank you, Your Honor.

23     MR. HALSTROM: Thank you.

24     (Proceedings concluded at 2:56 p.m.)

25         * * * * * * * * * * *

**25**

1         TRANSCRIBER'S CERTIFICATE

2     I certify that the foregoing is a true and correct

3 transcript, to the best of my ability, from the stenographic

4 notes provided to me by Official Court Reporter Risa L.

5 Entrekin.

6     This 10th day of December 2007.

8     /s/ Patricia G. Starkie
      Registered Diplomate Reporter
      Certified Realtime Reporter
      Official Court Reporter