IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:07cv638-LSC |
| v ) | (WO) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Marvin Thomas ("Thomas") asks the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After careful consideration of Thomas's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.   PROCEDURAL HISTORY**

On February 6, 2006, Thomas, represented by attorney Timothy Halstrom, pled guilty to being a felon in possession of a firearm in violation of 8 U.S.C. § 922(g)(1). On May 25, 2006, the district court sentenced Thomas to 37 months in prison. On June 13, 2006, Thomas filed a motion to withdraw his guilty plea. On June 16, 2006, the district court granted the motion, and Thomas's conviction and sentence were vacated.

On August 16, 2006, Halstrom filed a motion to withdraw as Thomas's counsel in

further proceedings. The district court ordered that this motion be held in abeyance and directed that Thomas represent himself at a competency hearing requested by Thomas and set for September 7, 2006, with Halstrom to act as standby counsel.

On September 7, 2006, Thomas, acting *pro se*, moved to withdraw the motion for a competency hearing. The district court granted Thomas's motion to withdraw his previous motion and allowed Thomas to continue to represent himself, with Halstrom continuing as his standby counsel. On that same date, and pursuant to a plea agreement, Thomas again pled guilty to being a felon in possession of a firearm. The district court again sentenced Thomas to 37 months in prison.[1] Thomas did not appeal.

On June 27, 2007, Thomas filed with this court a document in which he challenged the validity of his guilty plea. (Doc. No. 2.) After advising Thomas of its intention to do so, and with Thomas's consent,[2] this court construed the document as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (*See* Doc. Nos. 3-5.) The court then entered orders directing Thomas to clarify his claims for relief; Thomas responded by supplementing his pleadings. (*See* Doc. Nos. 4, 6, and 7.)

This court has concluded that Thomas asserts the following claims in his § 2255 motion:

1. He (Thomas) was absent from the court proceedings that took

---

[1] Thomas later filed a *pro se* motion to withdraw the guilty plea. That motion was denied by the district court.

[2] *See Castro v. United States*, 540 U.S. 375 (2003).

>    place on September 7, 2006, and consequently he did not sign
>    or consent to the plea agreement.
>
> 2. Because he was proceeding *pro se* and did not want attorney
>    Timothy Halstrom in the courtroom during the guilty plea
>    proceedings, and because Halstrom's signature appears on the
>    plea agreement as "Attorney for the Defendant," the guilty plea
>    is invalid.

(Doc. Nos. 2 and 7.)

The government answers that Thomas's claims are meritless and that, therefore, they afford him no basis for relief. (Doc. No. 11.) Thomas was allowed an opportunity to respond to the government's answer but failed to do so.

## II.  DISCUSSION

### A.  *Thomas's "Absence" from September 7, 2006, Proceedings*

Thomas claims he was absent from the court proceedings that took place on September 7, 2006, and that, as a result, he never signed or consented to the plea agreement, a circumstance that renders his guilty plea invalid. (Doc. No. 2 at 1-5; Doc. No. 7 at 1.) In this regard, Thomas maintains:

> My client Marvin Thomas went to court on date 9-7-06 before Judge Scott
> Coogler for a competency hearing so he could go home, not to sign a plea
> agreement to be sent to prison for a year. I was out of town and could not
> make it for the competency hearing. This plea agreement should not have
> never take place, unless me, Marvin Thomas defense counsel for this case
> power of attorney for this case should have been present [sic].

(Doc. No. 2 at 2.)

Thomas's claim is as frivolous as it is fantastic. The record clearly reflects that

3

Thomas was present at all times during the court proceedings that took place on September 7, 2006. On the morning of September 7, Thomas was present in court for a scheduled competency hearing. (*See* Case No. 2:05cr101-LCS - Doc. No. 89.) At that hearing, Thomas withdrew his previous motion for a competency determination and reaffirmed his desire to represent himself and to have attorney Timothy Halstrom act as his standby counsel. (*Id*. at 3-6.) Later on the afternoon of September 7, Thomas reappeared in court with Halstrom and indicated his desire to enter a guilty plea. (*See "United States' Response to § 2255 Motion"* - Doc. No. 11- Exhibit D at 2.) Thomas then expressly consented to have Halstrom act as his counsel for purposes of plea negotiations[3] and entry of the guilty plea. (*Id*. at 4-5.) Moreover, notwithstanding Thomas's claims to the contrary in his § 2255 motion, the record plainly reflects Thomas's acknowledgment in open court that he signed the written plea agreement and understood its contents. (*Id*. at 5-8.)

Thus, it is abundantly clear that the Marvin Thomas who filed this § 2255 motion was present for the relevant proceedings and that he signed his plea agreement. Therefore, he is not entitled to any relief based on this claim.

## B.   *Presence of Halstrom During Guilty Plea Proceedings*

Thomas contends that because he was proceeding *pro se* and did not want Halstrom

---

[3]Because Thomas had previously pled guilty to the same charge (on February 6, 2006) before being allowed to withdraw that plea (on June 16, 2006), most of the plea negotiations pertinent to his September 7 plea had already taken place. At the September 7 proceedings, the parties also waived preparation of a new presentence report and relied on the presentence report that had been prepared following Thomas's previous guilty plea.

in the courtroom during the guilty plea proceedings, and because Halstrom's signature appears on the plea agreement as "Attorney for the Defendant," his guilty plea is invalid. (Doc. No. 2 at 3-5; Doc. No. 7 at 2.)

This claim lacks merit because there is no evidence that Thomas wanted Halstrom excluded from the courtroom during the guilty plea proceedings, and, in fact, as noted above, the record reflects that Thomas expressly consented to have Halstrom act as his counsel for purposes of plea negotiations and entry of his guilty plea. (*See "United States' Response to § 2255 Motion"* - Doc. No. 11- Exhibit D at 4-5.) While Halstrom's signature does appear on the written plea agreement as "Attorney for the Defendant," Thomas's signature is also on that agreement, and Thomas acknowledged in open court that he read, signed, and understood the agreement. (*See "United States' Response to § 2255 Motion"* - Doc. No. 11- Exhibit C at 9 and Exhibit D at 5-8.) Thomas fails to show how the mere presence of Halstrom's signature somehow invalidated the plea agreement and guilty plea, especially where Thomas consented to Halstrom's assistance in the plea negotiations and guilty plea proceedings. Therefore, Thomas is not entitled to any relief based on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Thomas be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 14, 2009. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 1st day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE